(63 App. Div. 11.)

### PEOPLE v. MILLER.

(Supreme Court, Appellate Division, First Department.  July 9, 1901.)

RECOGNIZANCE—APPEARANCE BY COUNSEL—FORFEITURE.
  Code Cr. Proc. § 356, enacts that a trial for a misdemeanor may be
  had in the absence of defendant if he appear by counsel.  Section 297
  provides that on arraignment for a misdemeanor defendant may appear
  by counsel, and section 434 that a verdict may be rendered in his ab-
  sence.  *Held*, that where defendant was indicted for a misdemeanor,
  and he gave bond, and on the case being called for trial was
  absent, but his counsel appeared, with authority to allow the trial to
  proceed in defendant's absence, it was error to forfeit the bond.
    O'Brien, J., dissenting.

Appeal from court of special sessions of city of New York.

Prosecution against William Miller for a violation of Pen. Code,
§ 388.  From an order forfeiting defendant's recognizance, he ap-
peals.  Reversed.

Argued before VAN BRUNT, P. J., and PATTERSON, O'BRIEN,
INGRAHAM, and LAUGHLIN, JJ.

L. Spiegel, for appellant.
C. E. Le Barbier, for the People.

PATTERSON, J.  From an order forfeiting a recognizance made
at a court of special sessions in the city of New York the defendant
appeals.  The record before us discloses that the defendant was
charged with violating section 388 of the Penal Code of the state
of New York by keeping and maintaining a place where opium was
smoked.  He was arraigned before a city magistrate, and was held
to bail in the sum of $300.  He and his surety executed an under-
taking in that sum, and in that instrument it is provided that he
and his surety do jointly and severally undertake "that the above-
named William Miller shall appear and answer the charge above
mentioned in whatever court it may be prosecuted, and shall at all
times render himself amenable to the order and process of the court,
and, if convicted, shall appear for judgment, and render himself
in execution thereof; or, if he fail to perform either of these condi-
tions, that we will pay to the people of the state of New York the
sum of $300."  The record before us shows that on the 28th of
February, 1899, the case against the appellant was called for trial.
He was not present in person, but was represented by his counsel,
who stated that he had a written authorization from his client,
the defendant, who was absent in consequence of sickness, to pro-
ceed with the trial in the absence of the defendant.  The district
attorney objected to going on with the trial in the defendant's ab-
sence, and moved for a forfeiture of the bond, and asked that a
bench warrant be issued.  The presiding justice voted to deny the
motion, but the majority of the court granted it, and the bond was
forfeited, and a bench warrant was issued.  It appears that the de-
fendant's counsel announced that he was ready for trial, but the
trial was not proceeded with, and no trial was had.  The district
attorney called the name of the defendant, who did not respond,

and then moved for the forfeiture of the bond, stating, among other things, as a reason, that he did not want a precedent established that keepers of disorderly houses and opium joints may appear in the special sessions by counsel, and absent themselves. The defendant's counsel excepted to the forfeiture of the bond, and to the declination of the district attorney and the majority of the court to try the case.

The court of special sessions was without authority to order the forfeiture of this recognizance. The defendant was entirely within his right to appear in court by counsel. The appearance by counsel was his own appearance, and on the day fixed for the trial his personal attendance was unnecessary, for it had not been required. It is provided by section 356 of the Code of Criminal Procedure that a trial for a misdemeanor may be had in the absence of the defendant, if he appear by counsel. By section 297 of that Code it is provided that the personal appearance of a person charged with a misdemeanor upon arraignment is unnecessary, and he may appear upon the arraignment by counsel. Upon a trial a verdict may be rendered in the absence of a person indicted for a misdemeanor. Section 434, Id. It is unnecessary to determine now whether the provision of section 356 of the Code of Criminal Procedure gives an absolute right to a defendant charged with the commission of a misdemeanor, under all circumstances, to refuse to appear in person for trial. This defendant had the right to believe that his personal presence was unnecessary. If the court required his presence at a trial, an opportunity should have been given him to be present, and an order should have been made requiring him to attend in person. The forfeiture of the recognizance in this case was purely arbitrary. It was directed without any previous requirement by the court that the defendant attend personally, and the order should be reversed. All concur, except O'BRIEN, J., who dissents.

