THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* JOHN P. WELSH and Others, Respondents.

*Trial for a misdemeanor where the accused appears by counsel but not in person — the accused cannot be required to plead more than once — on refusal of counsel to plead, a plea of not guilty should be entered — trial for misdemeanor — the accused need not be present.*

A person charged with a misdemeanor was arraigned and pleaded not guilty. Thereafter the case was called for trial and the accused, who had been admitted to bail, appeared by counsel, but not in person. Such counsel stated that they wished to appear for the accused and plead guilty. The court refused to accept the plea on the ground that it was necessary for the accused to appear in court in order to plead guilty. The counsel for the accused then stated that the accused "is here by counsel and declines to plead." The court then declared the accused's bail forfeited.

*Held,* that the bail was improperly forfeited;

That the accused having once pleaded not guilty could not be required to plead again;

That, even if a further plea was necessary, the accused's counsel, subject to the limitation contained in section 335 of the Code of Criminal Procedure, prohibiting him from pleading guilty, could plead or decline to plead with the same effect as the accused himself;

That, as, if the accused himself had refused to plead, it would have been the duty of the court to enter a plea of not guilty, the refusal of the accused's counsel to plead had the same effect;

That the Legislature might lawfully provide (Code Crim. Proc. § 356) that a trial for a misdemeanor may be had in the absence of the accused if the latter appears by counsel.

APPEAL by the plaintiff, The People of the State of New York, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Dutchess on the 23d day of September, 1902, upon the decision of the court, rendered after a trial at the Dutchess County Special Term before the court without a jury, dismissing the plaintiff's complaint upon the merits.

*William R. Lee,* for the appellant.

*Charles Morschauser,* for the respondents.

JENKS, J. :

This is an action upon a forfeited recognizance. The defendant Welsh was indicted for keeping a bawdy house. In May, 1901, his case was called for trial, "defendant not appearing," but C. Morschauser and C. Hopkins, Esqs., appeared for him. Mr. Hopkins, being sworn, testified that he was one of the attorneys for the defendant, and that he had authority for appearance. He then stated that he wished to appear and plead guilty. The learned court, under the objection that the defendant must appear in person in open court to plead guilty, refused to accept the plea. Mr. Morschauser then stated that the defendant "is here by counsel and declines to plead." The court then declared the defendant's bail forfeited. The defendant excepted, and stated that "counsel for defendant is here and ready."

I think that the court should not have forfeited the bond. The bondsmen undertook that the defendant should appear and answer the indictment, should render himself amenable to the orders and process of the court, and, if convicted, should appear for judgment, and render himself in execution thereof. The record shows that the defendant was arraigned and pleaded not guilty on November 26, 1900. Conceding that the defendant's plea of guilty must have been made in person, he still stood as having pleaded to the indictment on November 26, 1900. The statutes do not require that he should again plead or decline to plead, nor is there anything in the statute (Code Crim. Proc. § 333) which prescribes the time of plea. (*People* v. *McHale,* 39 N. Y. St. Repr. 758.)

Further, I think that the learned County Court could not disregard the formal refusal of the defendant through counsel at the

trial to plead, if a further plea was necessary. Section 297 of the Code of Criminal Procedure provides that if the indictment be for a misdemeanor only, the personal appearance of the defendant on arraignment is unnecessary, and he may appear upon the arraignment by counsel. A purpose of the arraignment is to hear answer to the accusation. (*People* v. *Bradner*, 107 N. Y. 1, 9.) As the law provides that the defendant need not be present, but may appear by counsel, then it follows that counsel may answer for him. If he may answer, he may, unless trammeled by the law, do aught by way of answer that the defendant may do. Why, then, if the defendant refuse to answer, may not his counsel do likewise? Now, if the defendant had refused to answer, the court was bound to enter a plea of not guilty (Code Crim. Proc. § 342), and I see no reason why such course should not have followed the counsel's refusal. The counsel could not plead guilty, because the statute expressly forbids it. (Code Crim. Proc. § 335.) But it is significant that the statute does not prohibit counsel from refusal to plead, and there is no reason why it should have done so, inasmuch as a refusal is, by statute, but tantamount to a plea of not guilty.

The learned district attorney insists that at no time before the undertaking of bail was forfeited did the counsel for the defendant state that they appeared for any other purpose except to enter a plea of guilty, nor was there any special authority shown that the attorney was authorized by the defendant to proceed. But the record shows that before the learned court declared the forfeit, the counsel stated that the defendant is here by counsel and declines to plead. If the defendant could decline to plead by counsel, then it was the duty of the court to enter a plea of not guilty, and the defendant had a right to trial. If the defendant could not thus decline to plead, nevertheless he had pleaded not guilty theretofore, and upon arraignment, and this entitled him to a trial. The counsel was not bound to foresee that the court would forthwith attempt to forfeit the bail, while the record shows that immediately upon such declaration by the court the counsel excepted, and stated that counsel were " here and ready." As to the appearance, one of the attorneys had theretofore testified, after the case had been moved, that he had the authority to appear, and not authority only to appear and to plead guilty, as the learned district attorney would have it.

It is also contended, after citing the 6th amendment of the Constitution of the United States and section 8 of the Code of Criminal Procedure, that the defendant had done nothing to waive his rights. "It was never one of the privileges or immunities of a citizen of the United States to be confronted with the witnesses against him in a State court," and I think that it is entirely lawful for the Legislature to provide that the defendant appearing by counsel may be tried for a misdemeanor in his absence. (*People* v. *Fish*, 125 N. Y. 136, 151 *et seq.*) The plaintiff does not complain, and I think that, so far as a waiver is concerned, it is as effective by counsel duly authorized to appear as if made by the defendant in person. 1 think that the evidence justifies the findings of the court that the attorney established his authority in the premises by due proof. Further, trial of a misdemeanor may be had in the absence of the defendant if he appear by counsel. (Code Crim. Proc. § 356; *People* v. *Miller*, 63 App. Div. 11.) The record shows that counsel did appear and answered ready when the case was moved. I am of opinion that MADDOX, J., properly dismissed the complaint, because there was no breach of the bond that justified forfeiture.

The judgment should be affirmed, with costs.

GOODRICH, P. J., BARTLETT, WOODWARD and HIRSCHBERG, JJ., concurred.

Judgment affirmed, with costs.