## PEOPLE v. WELSH et al.

(Supreme Court, Appellate Division, Second Department. November 20, 1903.)

1. MISDEMEANOR—PLEADING OF DEFENDANT—FORFEITURE OF BAIL BOND.

Where one accused of a misdemeanor has appeared and pleaded, his failure to be present personally and plead when his case is called for trial is not ground for forfeiture of his bail bond.

2. SAME—APPEARANCE AND PLEADING BY COUNSEL.

One accused of a misdemeanor may appear by counsel and refuse to plead, though he could not in that way, under the express provisions of Code Cr. Proc. § 335, plead guilty.

3. SAME—AUTHORITY OF COUNSEL.

Where counsel at a trial states that accused "is here by counsel and declines to plead," it is not necessary to state that counsel is present with special authority to enter a refusal to plead.

4. SAME—RIGHTS OF DEFENDANT—CONSTITUTIONAL LAW.

Const. U. S. Amend. 6, providing that in all criminal prosecutions the accused shall enjoy the right to be confronted by the witnesses against him, does not apply to prosecutions in state courts.

5. SAME—WAIVER BY COUNSEL.

Under the direct provisions of Code Cr. Proc. § 356, trial of a misdemeanor may be had in the absence of the defendant, if he appear by counsel, notwithstanding section 8, providing that the defendant in criminal actions is entitled to be confronted by the witnesses against him, since he may, by counsel, waive this provision.

Appeal from Trial Term, Dutchess County.

Action by the people against John P. Welsh and others. From a judgment dismissing the complaint, the people appeal. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

William R. Lee, for the People.

Charles Morschauser, for respondents.

JENKS, J. This is an action upon a forfeited recognizance. The defendant Welsh was indicted for keeping a bawdyhouse. In May, 1901, his case was called for trial, "defendant not appearing," but C. Morschauser and C. Hopkins, Esqs., appeared for him. Mr. Hopkins, being sworn, testified that he was one of the attorneys for the defendant, and that he had authority for appearance. He then stated that he wished to appear and plead guilty. The learned court, under the objection that the defendant must appear in person in open court to plead guilty, refused to accept the plea. Mr. Morschauser then stated that the defendant "is here by counsel and declines to plead." The court then declared the defendant's bail forfeited. The defendant excepted, and stated that "counsel for defendant is here and ready."

I think that the court should not have forfeited the bond. The bondsmen undertook that the defendant should appear and answer the indictment, should render himself amenable to the orders and process of the court, and, if convicted, should appear for judgment, and render himself in execution thereof. The record shows that the

¶ 2. See Criminal Law, vol. 14, Cent. Dig. § 623.

defendant was arraigned and pleaded not guilty on November 26, 1900. Conceding that the defendant's plea of guilty must have been made in person, he still stood as having pleaded to the indictment on November 26, 1900. The statutes do not require that he should again plead or decline to plead, nor is there anything in the statute (section 333, Code Cr. Proc.) which prescribes the time of plea. People v. McHale (Sup.) 15 N. Y. Supp. 496.

Further, I think that the learned county court could not disregard the formal refusal of the defendant, through counsel, at the trial, to plead, if a further plea was necessary. Section 297 of the Code of Criminal Procedure provides that, if the indictment be for a misdemeanor only, the personal appearance of the defendant on arraignment is unnecessary, and he may appear upon the arraignment by counsel. A purpose of the arraignment is to hear answer to the accusation. People v. Bradner, 107 N. Y. 1, 9, 13 N. E. 87. As the law provides that the defendant need not be present, but may appear by counsel, then it follows that counsel may answer for him. If he may answer, he may, unless trammeled by the law, do aught by way of answer that the defendant may do. Why, then, if the defendant refuse to answer, may not his counsel do likewise? Now, if the defendant had refused to answer, the court was bound to enter a plea of not guilty (section 342, Code Cr. Proc.), and I see no reason why such course should not have followed the counsel's refusal. The counsel could not plead guilty, because the statute expressly forbids it. Section 335, Code Cr. Proc. But it is significant that the statute does not prohibit counsel from refusal to plead, and there is no reason why it should have done so, inasmuch as a refusal is, by statute, but tantamount to a plea of not guilty.

The learned district attorney insists that at no time before the undertaking of bail was forfeited did the counsel for the defendant state that they appeared for any other purpose except to enter a plea of guilty, nor was there any special authority shown that the attorney was authorized by the defendant to proceed. But the record shows that before the learned court declared the forfeit the counsel stated that "the defendant is here by counsel and declines to plead." If the defendant could decline to plead by counsel, then it was the duty of the court to enter a plea of not guilty, and the defendant had a right to trial. If the defendant could not thus decline to plead, nevertheless he had pleaded not guilty theretofore, and upon arraignment, and this entitled him to a trial. The counsel was not bound to foresee that the court would forthwith attempt to forfeit the bail, while the record shows that, immediately upon such declaration by the court, the counsel excepted, and stated that counsel were "here and ready." As to the appearance, one of the attorneys had theretofore testified, after the case had been moved that he had the authority to appear, and not authority only to appear and to plead guilty, as the learned district attorney would have it.

It is also contended, after citing article 6 of the amendments to the Constitution of the United States, and section 8 of the Code of Criminal Procedure, that the defendant had done nothing to waive his rights. "It was never one of the privileges or immunities of a citi-

zen of the United States to be confronted with the witnesses against him in a state court," and I think that it is entirely lawful for the Legislature to provide that the defendant appearing by counsel may be tried for a misdemeanor in his absence. People.v. Fish, 125 N. Y. 136, 151, et seq., 26 N. E. 319. The plaintiff does not complain, and I think that, so far as a waiver is concerned, it is as effective by counsel duly authorized to appear as if made by the defendant in person. I think that the evidence justifies the findings of the court that the attorney established his authority in the premises by due proof. Further, trial of a misdemeanor may be had in the absence of the defendant if he appear by counsel. Section 356, Code Cr. Proc.; People v. Miller, 63 App. Div. 11, 71 N. Y. Supp. 212. The record shows that counsel did appear, and answered "Ready" when the case was moved. I am of the opinion that Maddox, J., properly dismissed the complaint because there was no breach of the bond which justified the forfeiture thereof.

The judgment should be affirmed, with costs. All concur.