## J. S. SMITH v. BARNES COUNTY, NORTH DAKOTA, a Municipal Corporation.

### (152 N. W. 674.)

**Money had and received — action to recover — against a county — misdemeanor — defendant — deposit of cash bail — will not lie without showing bail has been exonerated.**

1. An action against a county to recover, as for money had and received, a

cash deposit in lieu of bail made by a defendant charged with a misdemeanor, will not lie without a showing that such bail has been exonerated.

**Defendant — criminal action — arraignment — appearance by counsel — does not operate to release bail — even though it is a cash deposit.**

2. The appearance of a defendant by counsel upon arraignment, in a criminal action, although authorized in misdemeanors, does not operate as an exoneration of the bail, even though such bail is in the form of a cash deposit in lieu of the usual undertaking.

**Unauthorized forfeiture — cash bail — payment to county treasurer — by erroneous order of court — action against county to recover back — will not lie — reinstatement of bail — motion for — remedy.**

3. An unauthorized forfeiture of such cash bail, and the payment thereof to the county treasurer pursuant to an erroneous order of the district court, will not give rise to a cause of action against the county for the recovery thereof as for money had and received; the proper remedy being an application to set aside such unauthorized forfeiture and to have such bail reinstated and returned into the custody of the clerk of court.

Opinion filed April 26, 1915.

Appeal from District Court, Barnes County, *Coffey,* J.

From a judgment in defendant's favor and from an order denying plaintiff's motion for a new trial, he appeals.

Affirmed.

*Lee Combs* and *L. S. B. Ritchie,* for appellant.

Where a person or a corporation has accepted money which belongs to another, he or it is bound to pay it over to the other even though no privity of contract exists between the parties and even though there is no express promise to pay such money to the party to whom it belongs, because the law presumes such a promise to pay. Hyde v. Thompson, 19 N. D. 1, 120 N. W. 1095; Martin v. Royer, 19 N. D. 504, 125 N. W. 1027, and cases cited.

In such a case the plaintiff may introduce any evidence which tends to show that the defendant has possession of money belonging to him, which in good conscience he ought to pay over. Freehling v. Ketchum, 39 Mich. 299; Grannis v. Hooker, 29 Wis. 65; 29 Cyc. 880, ¶ 2; Whittle v. Whittle, 5 Cal. App. 696, 91 Pac. 170; Reilly v. Provost, 98

App. Div. 208, 90 N. Y. Supp. 591; Libman v. Cohen, 69 Misc. 312, 125 N. Y. Supp. 488.

An action may be maintained against a county for bail money belonging to plaintiff. Sutherland v. St. Lawrence County, 42 Misc. 38, 85 N. Y. Supp. 696.

In this case defendant had the right, through his counsel, to enter a plea of not guilty, or to go to trial without being present in court. Rev. Codes 1905, § 9872, Comp. Laws 1913, § 10709.

The court erred in refusing permission to plaintiff, through his counsel, to prove that when the criminal case against him was called, his counsel appeared, offered to plead, or go to trial, but this was denied and the cash bail forfeited. Such proof was material and proper. Bridges v. Sullivan County, 92 N. Y. 570; Strough v. Jefferson County, 119 N. Y. 212, 23 N. E. 552; Story v. Robertson, 5 Neb. (Unof.) 404, 98 N. W. 825.

A court cannot deny to a defendant charged with a misdemeanor the right to appear by counsel, offer to plead, and to go to trial in his absence, nor can the court, after denying these statutory rights, lawfully forfeit the defendant's bail money, under such circumstances. People v. Ebner, 23 Cal. 158; People v. Budd, 57 Cal. 349; Neaves v. State, 4 Tex. App. 1; People v. Miller, 63 App. Div. 11, 71 N. Y. Supp. 212; People v. Welch, 88 App. Div. 65, 84 N. Y. Supp. 703; State ex rel. Gleim v. Evans, 13 Mont. 239, 33 Pac. 1010.

*M. J. Englert,* State's Attorney, and *H. A. Olsberg,* Assistant State's Attorney, for respondent.

The terms and conditions of a cash bail deposited in lieu of surety are fixed by the statutes of this state. Rev. Codes 1905, §§ 10261, 10264, Comp. Laws 1913, §§ 11119, 11122; State v. Banks, 24 N. D. 21, 138 N. W. 973.

It is not necessary to enter a judgment on an order forfeiting a cash bail deposited in lieu of surety. Morrow v. State, 6 Kan. 222; Arnsparger v. Norman, 101 Ky. 208, 40 S. W. 574; State v. Brown, 149 Wis. 572, 136 N. W. 174, Ann. Cas. 1913D, 193.

The plaintiff's remedy was to apply to the district court for an order remitting to him his cash bail money, or for a remission of the forfeiture. Rev. Codes 1905, § 10267, Comp. Laws 1913, § 11125; United States v. Eldredge, 5 Utah, 161, 13 Pac. 673.

Plaintiff has not availed himself of the privileges offered by the statute. He has waived all the irregularities of which he could have taken advantage. 3 Enc. Pl. & Pr. 243; 5 Cyc. 132 (e), 136 (6).

He could have appealed from the order of forfeiture. Morrow v. State, 6 Kan. 222; People v. Miller, 63 App. Div. 11, 71 N. Y. Supp. 212; Dow v. Lillie, 26 N. D. 512, L.R.A.1915D, 754, 144 N. W. 1082.

In this state the court has power to require the presence in court of a defendant charged with a misdemeanor. Rev. Codes 1905, §§ 9353, 9934, Comp. Laws 1913, §§ 10092, 10771; Warren v. State, 19 Ark. 214, 68 Am. Dec. 214; State v. Johnson, 82 Kan. 450, 27 L.R.A.(N.S.) 943, 108 Pac. 793; Wells v. Terrell, 121 Ga. 368, 49 S. E. 319; State v. Minton, 19 S. C. 280; Walker v. Com. 79 Ky. 292; Bond v. Com. 7 Ky. L. Rep. 94; Com. v. M'Neill, 19 Pick. 127.

The plaintiff cannot recover back such bail money in an action for money had and received. Gile v. Interstate Motor Car Co. 27 N. D. 108, L.R.A.1915B, 109, 145 N. W. 732.

If the forfeiture proceedings are not involved in this action, then the money is, in law, still in the hands of the court. 5 Cyc. 136 (6).

The plaintiff's action must fall, because his evidence was directed to the forfeiture proceedings, and this amounts to a collateral attack, and is not permissible. Bulkley v. Stewart, 1 Day, 130, 2 Am. Dec. 57; Barrere v. Somps, 113 Cal. 97, 45 Pac. 177, 572; Young v. Appelgate, 9 Kan. App. 493, 58 Pac. 1000.

A complaint must allege all the facts necessary to enable the plaintiff to recover upon the cause of action set out. Barrere v. Somps, 113 Cal. 97, 45 Pac. 177, 572; Soden v. Murphy, 42 Colo. 352, 94 Pac. 353.

FISK, Ch. J. Appellant, by this action, seeks to recover from the respondent, Barnes county, the sum of $500 and interest as for money had and received for the use and benefit of appellant's assignor, one A. R. Smith, who deposited such sum with the clerk of the district court of said county in November, 1911, as cash bail for his appearance in the district court to answer to the charge of selling intoxicating liquors contrary to law. In February, 1913, A. R. Smith assigned to

appellant any claim which he possessed against defendant county for the recovery of such money.

The defense, briefly stated, was and is that the conditions upon which such bail money was deposited were never complied with in that A. R. Smith absconded and never appeared in the district court to answer to the charge aforesaid, and that such bail was duly adjudged to be forfeited for such nonappearance, and was ordered to be paid over to the treasurer of defendant county, which order was later complied with.

At the trial in the district court appellant's counsel sought to show that the order declaring a forfeiture of such bail was a nullity for the alleged reason that the said A. R. Smith, as was his alleged right, appeared through counsel to answer to the charge aforesaid, such charge being merely a misdemeanor. In support of such contention counsel rely upon § 9872, Rev. Codes 1905, § 10709, Comp. Laws 1913, which in effect provides that if the information or indictment is for a misdemeanor a defendant may appear upon arraignment by counsel, and his personal appearance is unnecessary. Such offer of proof was rejected apparently upon the ground that the complaint was not broad enough to permit such proof, or, in other words, that the validity of such order forfeiting the bail could not be questioned collaterally in this manner.

At the conclusion of the trial the court directed a verdict in defendant's favor. Thereafter judgment was entered pursuant thereto, and this appeal is both from such judgment and from an order denying plaintiff's motion for a new trial. As stated by appellant's counsel, the specifications of error all relate to the rulings of the lower court in excluding evidence offered by plaintiff in support of his alleged cause of action, and they may therefore be considered together and in a general manner.

Conceding all that appellant claims with reference to the alleged errors of the trial court in excluding the testimony offered by him, still, unless such rulings were prejudicial, he cannot complain. We fail to see how they were prejudicial. The whole basis upon which appellant's cause of action is predicated appears to us to be without foundation. He assumes that in equity and good conscience he is entitled to recover such bail money because, forsooth, the trial court in the

criminal action in which such bail was furnished exceeded its jurisdiction in assuming to declare such bail forfeited, for the reason that, the charge being merely a misdemeanor, the defendant therein had the statutory right to and did appear through his attorney. Granting all this to be true, does it follow that in equity and good conscience plaintiff's assignor was entitled to a return of such bail money? Clearly not. Had no such forfeiture been adjudged by the trial court such bail money would rightfully and legally have remained in the custody of the clerk until the conditions of the bail were complied with. The evident fallacy in appellant's contention consists in the unwarranted assumption that the conditions of the cash bail were satisfied merely by defendant's appearance through his counsel for arraignment; but such is not the law as we view it. On the contrary, § 10264, Rev. Codes 1905, § 11122, Comp. Laws 1913, prescribes the terms of an undertaking of bail, and among other conditions are the following: ". . . that the above named . . . (naming the defendant) . . . will at all times hold (or surrender) himself amenable to the orders and process of the court, and, if convicted, will appear for judgment, and render himself in execution thereof." Where a cash deposit for bail is made the like conditions obtain. See § 10261, Rev. Rodes 1905, § 11119, Comp. Laws 1913, which prescribes that "a deposit of the sum of money mentioned in the order admitting to bail is equivalent to bail," etc. If an undertaking of bail had been given instead of a cash deposit in lieu thereof, no one would contend that such bail was exonerated by defendant's appearance upon arraignment, either personally or through counsel.

This is a complete answer to appellant's contention that he is entitled to recover the amount of such deposit as for money had and received. If, therefore, such bail was improperly forfeited, as appears to be the holdings under statutes like ours (People v. Ebner, 23 Cal. 158; People v. Budd, 57 Cal. 349; Neaves v. State, 4 Tex. App. 1; People v. Miller, 63 App. Div. 11, 71 N. Y. Supp. 212; People v. Welch, 88 App. Div. 65, 84 N. Y. Supp. 703; State ex rel. Gleim v. Evans, 13 Mont. 239, 33 Pac. 1010), still this fact would not authorize a suit to recover the deposit as for money had and received without a showing that the conditions of such bail had been complied with. No such showing was

attempted to be made. The only remedy in such a case would be an application to reinstate such bail.

Upon the question generally as to exoneration of bail by an appearance through counsel where the defendant is charged with a misdemeanor, see Warren v. State, 19 Ark. 214, 68 Am. Dec. 214; State v. Johnson, 27 L.R.A.(N.S.) 943, and note (82 Kan. 450, 108 Pac. 793); 3 R. C. L. p. 45.

Judgment affirmed.