(No. 19671.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* J. ALBERT HAMILTON, Plaintiff in Error.

*Opinion filed October 19, 1929.*

KEEFE & LISTEMAN, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, HILMAR C. LINDAUER, State's Attorney, and MERRILL F. WEHMIIOFF, (CURT C. LINDAUER, of counsel,) for the People.

Mr. JUSTICE HEARD delivered the opinion of the court:

This cause is here on writ of error, the assignments of error being sufficient to give this court jurisdiction.

Plaintiff in error, J. Albert Hamilton, was tried by a jury, convicted and sentenced in the circuit court of St. Clair county upon an indictment charging that he and Samuel Lemon, "well knowing that a communicable disease, to-wit, tuberculosis, then and there existed among their domestic animals, to-wit, among their cattle, and then and there well knowing that said cattle were then and there

infected with said communicable disease, to-wit, tuberculosis, did then and there unlawfully, willfully and wrongfully sell one calf to the Leiner Live Stock Commission Company, located at the National Stock Yards of Illinois, said calf being then and there exposed to said cattle so affected with said tuberculosis as aforesaid." Lemon was found not guilty.

The evidence of the guilt of plaintiff in error of the crime charged was not of that clear and convincing character that the jury could not reasonably have found a verdict of not guilty. It was therefore highly important that the jury should be accurately instructed and that the record should be free from prejudicial error. *People* v. *Dascola,* 322 Ill. 473; *People* v. *McGeoghegan,* 325 id. 337; *People* v. *Schuele,* 326 id. 366.

At the request of the State's attorney the court gave to the jury the following instruction:

"The court instructs the jury that any person who, knowing that any communicable disease exists among his domestic animals, shall conceal such fact, or knowing of the existence of such disease, shall sell any animal or animals so diseased, or any exposed animal, or, knowing the same, shall remove any such diseased or exposed animal from his premises to the premises of another, or knowing of the existence of such disease, or exposure thereto, shall drive or lead, or ship, any animal so diseased or exposed, by any car or steamboat, to any place in or out of this State; and any person or persons who shall bring any such diseased, or, knowingly, shall bring any such exposed animal or animals into this State from another State; and any person or persons who shall knowingly buy, receive, sell, convey or engage in the traffic of such diseased or exposed stock, and any person who shall violate any quarantine regulations established under the provisions of this act, shall, for each, either, any or all acts above mentioned in this section, be guilty of a misdemeanor, and, on con-

viction thereof, or of any one of said acts, shall be fined in any sum not less than $25, nor more than $200 and be imprisoned in the county jail until the fine and costs are paid, and shall forfeit all right to any compensation for any animal or property destroyed under the provisions of this act."

This instruction informs the jury of over a dozen offenses against the law, for only one of which was plaintiff in error indicted and upon trial. It is the contemplation of the law that the jury be instructed only concerning the crime of which the defendant stands charged. (*People* v. *Hagenow,* 334 Ill. 341; *People* v. *Rongetti,* 331 id. 581; *People* v. *Crane,* 302 id. 217; *People* v. *Jones,* 263 id. 564.) By this instruction the jury were told, among other things, that any person who shall violate any quarantine regulation established under this act shall be fined, and imprisoned if the fine be not paid. While the competent evidence showing that plaintiff in error sold a calf knowing that a communicable disease, to-wit, tuberculosis, existed among his cattle and that the calf sold had been exposed thereto, is extremely slight, yet it is unquestioned that the evidence did show conclusively that plaintiff in error had violated a quarantine regulation established under the provisions of the act in question. By reason of this instruction the jury might well have been misled, and led to believe that they could legally find plaintiff in error guilty upon evidence showing him guilty of violating the quarantine regulation. The natural result of the giving of this instruction would be prejudicial to plaintiff in error.

The judgment of the circuit court must therefore be reversed and the cause remanded.

*Reversed and remanded.*