The People of the State of New York, Respondent, *v.* Glenn Pilkington, Appellant.

County Court, Broome County, March 2, 1951.

*Morgan J. Gorman* for appellant.

*Samuel W. Bernstein, District Attorney* (*Frederick J. Vavra* of counsel), for respondent.

BARNES, J. This is an appeal from a judgment of conviction of the defendant for a violation of section 1694-a of the Penal Law in that he failed to appear after being admitted to bail in connection with the charge of committing a misdemeanor and thereby incurred the forfeiture of his bail and did not appear or surrender himself within thirty days.

The facts are not seriously disputed. The defendant was held on a misdemeanor charge for trial, and was admitted to bail for his appearance on the day of the trial. On that day, he did not appear personally, but he did appear by his attorney. The bail was declared forfeited, and it was two months afterwards when the defendant surrendered himself to the police of the village where he was held.

Under section 297 of the Code of Criminal Procedure it was not necessary for the defendant to be present upon the trial inasmuch as he appeared by his attorney. This section has been construed in *People* v. *Miller* (63 App. Div. 11). The case of *People ex rel. Hall* v. *Munson* (83 Misc. 308) is not contrary inasmuch as in that case, the defendant never was arraigned before the Justice at any time. (See, also, *People* v. *Welsh,* 88 App. Div. 65.)

It follows, therefore, that the mere proof of the fact that the defendant did not appear personally upon the trial is not sufficient to convict him of a violation of this section. However, the People offered in evidence a letter which was alleged to have been written by him from Chicago, in which he states in plain words that he deliberately remained away from the trial and deliberately caused a forfeiture of the bail and that he did not intend to return. This letter, of course, changes the entire situation, and if admissible in evidence, is sufficient for a conviction. As a foundation for the admissibility of that letter, the People swore a witness who testified that he had seen the defendant write his name, that he held a note which was signed by the defendant in his presence, and that in his opinion, this letter was written by the defendant. There was a serious objection of the defendant's counsel to the admissibility of this letter, on the ground that the person was not especially expert in the comparison of signatures but that he only had seen the defendant write his name. The defendant's attorney maintains that he is not qualified to testify as to the genuineness of this signature. With this I cannot agree.

The admission of evidence of persons who have studied handwriting and based merely upon comparison of original writings with the questioned writings was not admissible in this State until long after the evidence of a person who had seen the party write. Evidence of comparison only seems to have been first recognized as admissible by the Court of Appeals in 1878 in *Miles* v. *Loomis* (75 N. Y. 288) and the opinion states commencing at page 294, " Evidence of handwriting, it is universally conceded, may be opinion merely. It is as universally conceded that a witness who has either ever seen the party write or who, not having seen him write, has received letters from him which have been ' acted upon ' by him as genuine, is competent to give an opinion as to his handwriting and this competency is not affected by the lack of frequency of observation, the length of time which has elapsed since the writing was seen, or the slightness of the correspondence, although the weight of the opinion will, of course, depend much on these circumstances. * * * The opinion of the ordinary witness, founded only upon a mental comparison of the disputed writing with a single signature seen by him twenty years before, would be worth little, but it would undoubtedly be competent."

I conclude, therefore, that the evidence offered was admissible and was sufficient for the conviction of the defendant on the charge alleged in the complaint.

He has been sentenced, however, to the maximum possible under that section. The appeal states as one of the grounds of the appeal that such sentence was excessive. It should be borne in mind that the defendant appeared voluntarily and surrendered himself to the police, not within the thirty days, but within about sixty days after the day set for the trial. The mere fact that he was not there on the day of the trial is not sufficient to convict him of this crime but it is necessary that he should not return within thirty days. The time when he did return ran slightly over thirty days. But suppose he had not returned within a year, or had not returned at all. He should get some credit for having surrendered himself soon after the thirty days had expired.

The maximum penalty contemplates the most aggravated offense possible under this section and certainly this is not in that class. I hold that the sentence is excessive and reduce it by one half of the maximum sentence; viz.: six months in Onondaga Penitentiary and $250 fine with commitment for one day for each $2 of said fine unpaid.

Submit order accordingly.