2 Ill. App.3d 734 (1972)
277 N.E.2d 541
THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee,
v.
MICHAEL McCAULEY, Defendant-Appellant.
No. 71-63.
Illinois Appellate Court  Second District.
January 3, 1972.
*735 Inglis, Will, LaBelle & Sparks, of Zion, (Robert P. Will, of counsel,) for appellant.
Jack Hoogasian, State's Attorney, of Waukegan, (Wm. B. Block, Assistant State's Attorney, of counsel,) for appellee.
Reversed and remanded.
Mr. PRESIDING JUSTICE THOMAS J. MORAN delivered the opinion of the court:
The defendant, Michael McCauley, charged under Section 12-4(b)(6) of the Criminal Code (Ill. Rev. Stat. 1969, ch. 38, par. 12-4(b)(6)) which provides that a battery inflicted upon a police officer constitutes aggravated battery, was found guilty in a jury trial and granted probation, the first six months to be served in the county jail. Defendant appeals from the judgment.
At 3:00 A.M., July 5, 1970, while on routine patrol in the Village of Fox Lake, Police Officer Trinski observed defendant's auto parked (sideways) on Grand Avenue. As he approached, defendant drove away. Following, Trinski ascertained that defendant was speeding and stopped his car. In a brief conversation, the officer discovered that McCauley did not have his driver's license with him. He was placed under arrest and informed that he would have to accompany the officer to the station to post bond. The defendant replied with profanity and was placed, unhandcuffed, into the squad car. While enroute to the station, Trinski's car was met and followed by another squad car driven by Officer Busch.
There is contradictory testimony relative to occurrences enroute to the police station. Trinski testified that the defendant said he knew the officer's identity and threatened to kill him and his family; that defendant called him an obscene name and began kicking the plastic guard which separated the front and back seats of the squad car; that the plastic shield was broken by the defendant who then, through an opening in the shield, fumbled for the officer's gun; that he stopped the car and got out intending to handcuff the defendant; that when he opened the rear door, defendant jumped out and struck him in the face; that Busch stopped his car and assisted in physically subduing the defendant. Busch testified that, while driving behind Trinski's squad car, he observed defendant kicking the plastic shield, that he saw Trinski open the rear door and saw defendant jump out and hit Trinski, that he assisted in subduing the defendant.
Joseph Cropin, a friend of the defendant, testified that he drove by at the time in question, saw defendant sitting in the squad car, stopped his car 10-15 feet from the police car, saw Trinski reach into the car and *736 try to grab defendant, saw the officer kick defendant in the face and then observed the defendant hit the officer in the face.
The defendant testified that he used profanity but did nothing else abusive; that after he told the officer, "I should burn your house down," the officer stopped the car and said, "That's enough," opened the back door and reached in to grab him, but he evaded the officer's reach; that when he sat upright, the officer kicked him under the chin and, thinking the officers were about to beat him, he defended himself by striking the policeman.
While defendant admitted striking the officer, his defense against the charge of aggravated battery was justification in defending himself against unlawful force. He contends that the jury was improperly instructed because People's Instructions 14 and 15 were given.
Instruction No. 14 stated:
"A peace officer who has an arrested person in his custody is justified in the use of any force which he reasonably believes to be necessary to prevent the escape of the arrested person or to defend himself from bodily harm while preventing the escape."
Instruction No. 15 stated:
"A person is not authorized to use force to resist an arrest which he knows is being made by a peace officer, even if he believes that the arrest is unlawful and the arrest is in fact unlawful."
The defendant alleges that these instructions were improper since 1) there is no evidence in the record of attempted escape or resisting arrest (his being already under arrest when the offense charged occurred) and 2) the instructions implied to the jury that the defendant was guilty of two additional crimes with which he was never charged.
 1-3 The defendant was not charged with attempted escape or resisting arrest. The law is clear that the jury can be instructed only concerning the crime charged, (People v. Stanko (1949), 402 Ill. 558, 561.) The natural result of instructions based upon other crimes is prejudice to the defendant, (People v. Hamilton (1929), 336 Ill. 294, 296; See, 53 Am. Jur., Trial, Sec. 575). It is reversible error to inject into the case, by way of instruction, issues which are not properly before the jury. Shore v. Turman (1965), 63 Ill. App.2d 315, 321.
 4 We find that the defendant was prejudiced by these two instructions since they interjected irrelevant issues into the jury deliberations and contained two crimes with which the defendant was never charged. Thus, the cause is reversed and remanded for a new trial.
Reversed and remanded.
SEIDENFELD and GUILD, JJ., concur.