THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MICHAEL ARRON, Defendant-Appellant.

(No. 57823;

First District (4th Division)—October 24, 1973.

James J. Doherty, Public Defender, of Chicago, (Stanley Sacks and Ian Levin, Assistant Public Defenders, of counsel,) for appellant.

Bernard Carey, State's Attorney, of Chicago, (Kenneth L. Gillis, Mari-ann Twist, and Mark Moberly, Assistant State's Attorneys, of counsel,) for the People.

Mr. PRESIDING JUSTICE BURMAN delivered the opinion of the court:

The defendant, Michael Arron, had been indicted on the charge of armed robbery on July 8, 1967. He was released on a $1000 bond on June 5, 1968. He was subsequently indicted on November 19, 1968, for the offense of "jumping bail" in violation of section 32—10 of the Criminal Code of 1961 (Ill. Rev. Stat. 1963, ch. 38, par. 32—10). He was arrested on December 15, 1970, and counsel was appointed to represent him. The defendant entered a plea of not guilty and moved to dismiss the indictment on the grounds that the Illinois "bail jumping" statute was unconstitutional, which motion was denied. On February 8, 1972, the case went to trial before a jury. The defendant's motion for a directed verdict of not guilty was heard and denied and the jury returned a verdict of guilty. After a hearing in aggravation and mitigation the court sentenced him to serve two to five years in the penitentiary.

On appeal, the defendant contends (1) the Illinois "bail jumping" statute is unconstitutional on its face and/or as applied to him since it does not require any criminal mental state at the time the bond forfeiture is incurred; (2) he was not proven guilty beyond a reasonable doubt; (3) he was denied due process of law when the trial court, over his objection, instructed the jury on a crime not charged in the indictment;

and (4) the sentence is excessive and should be reduced. We will meet these contentions in the order on which the defendant has posed them.

■■ The record shows that the defendant moved before the trial court to dismiss the indictment on the ground that the "bail jumping" statute is vague and does not permit him to know what he is charged with, and violates his right to due process of law guaranteed by the fourteenth amendment to the Constitution of the United States and by the Constitution of the State of Illinois. Before us he contends for the first time that the statute is unconstitutional because it does not require any criminal mental state at the time the forfeiture occurred. The trial court did not have an opportunity to pass on this latter contention. Since a constitutional objection to a statute cannot be raised for the first time on review and is properly preserved for review only when it has been raised in and passed upon by the trial court (*People v. Luckey*, 42 Ill.2d 115, 245 N.E.2d 769; *City of Chicago v. Joyce*, 38 Ill.2d 368, 232 N.E.2d 289), the defendant should not be allowed to urge that we consider this issue on appeal.

We have nevertheless determined that, because of the nature of defendant's contention, we will pass upon it. The Illinois "bail jumping" statute (Ill. Rev. Stat. 1963, ch. 38, par. 38—10), headed "Violation of Bail Bond," provides in part:

> "Whoever, having been admitted to bail for appearance before any court of record of this State, incurs a forfeiture of the bail and willfully fails to surrender himself within 30 days following the date of such forfeiture, shall, if the bail was given in connection with a charge of felony * * * be fined not more than $5000 or imprisoned in the penitentiary not more than five years, or both * * *."

It is argued that no element of intent or scienter as to the initial forfeiture is set out in or required by the statute, that the section seeks to make criminal an act, *i.e.*, the incurring of a forfeiture, for which no mental state is expressly required, and that it is therefore constitutionally defective.

■■ We agree that a criminal intent is an essential element of crimes, other than certain nontrue crimes. (See *Morissette v. United States*, 342 U.S. 246.) Additionally, section 4—3(a) of the Criminal Code of 1961 (Ill. Rev. Stat. 1963, ch. 38, par. 4—3(a)) provides:

> "A person is not guilty of an offense, other than an offense which involves absolute liability, unless, with respect to each element described by the statute defining the offense, he acts while having one of the mental states described in section 4—4 through 4—7."

But here the incurring of a forfeiture is not an element of the crime in

a strict sense, but rather a condition precedent, a fact the existence of which the crime of violation of a bail bond is conditioned upon. The initial forfeiture of a bail bond does not immediately subject one to criminal liability, and is only a determination of one's civil liability for violating the terms of the bond. "A forfeiture is a judgment, effective as of the term taken and entered of record. It is * * * an adjudication that accused stood charged with a public offense, that he obtained his release under bond, that the bond was executed in the particular case, and that some condition of such bond was broken." (*People v. Brown*, 35 Ill.App.2d 182, 186-87, 182 N.E.2d 347, 350; see also *People v. Evanuk*, 320 Ill. 336, 150 N.E. 634.) A person becomes subject to criminal liability only when, according to the clear and unequivocal language of the statute, he "willfully fails to surrender himself within 30 days following the date of such forfeiture * * *." Moreover, the Committee comments to the 1961 amendment which constitutes the present section 32—10 of the Criminal Code indicate that the statute is designed

> "to expressly prohibit an intentional violation of a bail bond. [T]he offense involves an intent to avoid the trial of or sentence for a principal offense * * *."

■■ It is apparent then than an innocent or excusable failure to surrender oneself within thirty days after incurring a bond forfeiture is not being made punishable. The statutory language is clear. This being the case, it could hardly be said, as was done by counsel for defendant in oral argument, that defendant was not sufficiently advised of the nature of his offending act so that he might adequately prepare his defense. The cases of *People v. Williams*, 30 Ill.2d 125, 196 N.E.2d 483, and *People v. Peters*, 10 Ill.2d 577, 141 N.E.2d 9, cited by defense counsel for that proposition, are clearly inapplicable on these facts and warrant no discussion here.

It is next contended that the defendant was not proven guilty of bail jumping beyond a reasonable doubt. This is primarily premised on the fact that a court date for the appearance of the defendant in the armed robbery proceeding for which he was out on bond, had been changed without his knowledge. The record reveals that on August 26, 1968, the defendant and his attorney, Mr. Vasquez, appeared in court in the armed robbery proceeding and it was continued to September 9, 1968, on the defendant's motion. There had been numerous continuances before that date. On an "order of the court" the case was advanced to September 3, 1968, and then reset on that date for September 10, 1968, apparently without the knowledge of either defendant or his attorney. Jose Vasquez, his attorney, learned of the new September 10 court date on September

9 and appeared, but the defendant did not. It is unclear whether defendant appeared on September 9, but he did not appear on September 10. Because of the confusion in dates, the case was continued until the following day, September 11, to allow Vasquez to contact his client. A telegram notifying defendant of the September 11 court date was dispatched to defendant by Vasquez on September 10 to an address Vasquez had on his records as that of defendant's. The telegram was returned to the sender undelivered since defendant was not known at that address. When the defendant failed to appear on September 11, 1968, a bond forfeiture was entered and a warrant issued for his arrest. A notice of the forfeiture was mailed by the court clerk to defendant at an address that appeared on his bond slip which was different from the address Vasquez had, but that notice also was returned undelivered. Over two years later, on December 15, 1970, the defendant was arrested for disorderly conduct, but gave an assumed name and was found to be carrying false identification. Only after fingerprinting was it determined that he was Michael Arron, the defendant here, and wanted on charges of armed robbery and jumping bail.

■■ It is argued that the confusion in the setting of his case in September, 1968, is consistent with the defense of a nonintentional forfeiture of the bond and a lack of proof that his failure to appear was in any sense criminal, *i.e.*, willful. It is stressed by the defendant that the intent to jump bail must be determined only on the basis of the dates of September 10 and September 11, when the bond forfeiture was entered. As noted earlier, we do not agree with that approach. The necessary criminal mental state for jumping bail is met in the following language of the statute: "willfully fails to surrender himself within 30 days following the date of such forfeiture * * *." As the State points out, if the defendant was not intentionally failing to appear in court he could at least have appeared with or without his lawyer within a reasonable time to explain that he was confused. Instead, in order to evade justice, he conveniently disappeared, used a fictitious name, and remained away for more than two years. Under all the facts we are satisfied that the defendant willfully intended to avoid prosecution and we reject the claim that it was nonintentional. He was proven guilty beyond a reasonable doubt of bail jumping. *People v. Pilkington*, 199 Misc. 667, 103 N.Y.S.2d 66, cited by defendant, dealt with the interpretation of a differently worded New York statute and is not controlling here. See *People v. Miller*, 63 App.Div. 11, 71 N.Y.S. 212; also compare *People v. Davis*, 168 Misc. 511, 5 N.Y.S.2d 411.

It is also contended that the giving over objection of People's Instruc-

tion Number 8 was prejudicial error, denying defendant due process of law, because it instructed the jury as to a crime not charged in the indictment. The challenged instruction reads as follows:

"There was in force in the State of Illinois at the time of the occurrence in question a certain Statute which provided that:

'A person who has been admitted to bail shall give written notice to the clerk of the court before which the proceeding is pending of any change in his address within 24 hours after such change.'"

The defendant attempted to convince the jury that his failure to appear in court was due to his confusion of the court dates. This instruction was merely given for the purpose of informing the jury that there was a statute in force at the time of the occurrence which required a person who had been admitted to bail to give written notice to the clerk of the court if he changed his address. (Ill. Rev. Stat. 1967, ch. 38, par. 110—12.) It alerted the jury to the fact that the defendant, admitted to bail, had the responsibility of providing the court with a means for communicating with him. The defendant could not avoid liability by shirking this responsibility, thus thwarting the court's attempt to provide him with actual notice of the bond forfeiture.

This instruction does not instruct the jury of any crime of which they might find the defendant guilty. It could not reasonably give rise to confusion as to what constitutes the issue before the jury. Furthermore the jury was instructed in People's Instruction Number 10 as to exactly what they must find in order to find the defendant guilty and no mention is made therein of the failure to notify the court of a change in address.

The defendant cites *People v. Stanko*, 402 Ill.558, 84 N.E.2d 839, as commanding reversal. There it was held that to give an instruction which defined the crime of abortion, when defendant was charged with attempted abortion, was admittedly erroneous, and was prejudicial to the defendant, notwithstanding the fact that a correct instruction was also given. We do not feel that this case is controlling. In the case at bar the issue of responsibility for defendant's failure to receive notice of the bond forfeiture was presented by the evidence and relevant to a determination of guilt or innocence. The jury was properly instructed on defendant's duty in regard thereto. *People v. McCauley*, 2 Ill.App.3d 734, 277 N.E.2d 541, is likewise not in point. There the jury was instructed as to attempted escape and resisting arrest when defendant was charged with neither of these crimes, but rather with aggravated battery, and the court found "that the defendant was prejudiced by these two instructions since they interjected irrelevant issues into the jury deliberations * * *." (2 Ill.App.3d at 736, 277 N.E.2d at 542.) *People v. Hamilton*,

336 Ill.294, 168 N.E. 325 and *People v. Hagenow,* 334 Ill. 341, 166 N.E. 65, are likewise inapposite.

■■ It is finally contended that the defendant's two to five year sentence is excessive and should be reduced. As pointed out by the defendant, the "Unified Code of Corrections" became law in the State of Illinois on January 1, 1973. Under the classification of offenses in the Code, "bail jumping" in connection with a charge of felony is a Class 4 felony (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 32—10) punishable by imprisonment for one to three years (plus two years parole) and/or a $10,000 fine. (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1005—8—1.) The Code thus reduces the maximum penalty for bail jumping to three years from the former five years. (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1005—8—1 (b)(5).) The minimum under the new Code must be one year in all cases. (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1005—8—1(c)(5).)

■■ Section 8—2—4 of the Code (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1008—2—4) provides as follows:

> "Prosecution for any violation of law occurring prior to the effective date of this Act is not affected or abated by this Act. If the offense being prosecuted has not reached the sentencing stage *or a final adjudication,* then for purposes of sentencing the sentences under this Act apply if they are less than under the prior law upon which the prosecution was commenced." (Emphasis added.)

A conviction on appeal has not reached "final adjudication," and the new sentencing standards should therefore be applied. (*People v. Harvey,* 53 Ill.2d 585, 294 N.E.2d 269.) The State in its brief concedes that the maximum sentence given by the trial court should be reduced to three years. The defendant's conviction is affirmed. However, the minimum term of two years and the maximum term of five years is vacated and the sentence is modified to a minimum term of one year and a maximum term of three years. The cause is remanded to the trial court with directions to issue an amended *mittimus* to reflect the foregoing sentence modification.

Conviction affirmed, sentence modified, cause remanded with directions.

ADESKO and DIERINGER, JJ., concur.