THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* JOHN LAWLOR, JR., Defendant-Appellee.

Second District    No. 80-725

Original opinion filed November 9, 1981.—Rehearing denied December 22, 1981.—Modified opinion filed December 31, 1981.

VAN DEUSEN, J., specially concurring.

J. Michael Fitzsimmons, State's Attorney, of Wheaton (Robert L. Thompson, Assistant State's Attorney, of counsel), for the People.

Mary Robinson and Josette Skelnik, both of State Appellate Defender's Office, of Elgin, for appellee.

JUSTICE LINDBERG delivered the opinion of the court:

This is an appeal by the State from an order of the Circuit Court of Du Page County suppressing evidence which would otherwise have been presented by the State at the trial of defendant, John Lawlor, Jr. We reverse and remand.

Defendant was arrested on February 14, 1980, and charged by information on May 20, 1980, with the offenses of unlawful possession of a controlled substance (Ill. Rev. Stat. 1979, ch. 56½, par. 1402(b)), unlawful possession and use of a driver's license (Ill. Rev. Stat. 1979, ch. 95½, par. 6—301), and possession of firearm ammunition without the requisite firearm owner's identification card. Ill. Rev. Stat. 1979, ch. 38, par. 83—2.

A hearing was held on the defendant's motion to quash the arrest and suppress the evidence on August 12, 1980. Defendant and the State first argue the issue of whether the police officers properly arrested defendant based on an outstanding warrant for his arrest. Evidence regarding the progress of the previous charges against defendant was sparse but essentially both sides agreed on the facts.

Defendant was released on his own recognizance on March 10, 1979, after being charged with possession of cannabis and a controlled substance (Ill. Rev. Stat. 1977, ch. 56½, pars. 704(b) and 1402(b)). Defendant was scheduled to appear in specified courtrooms on April 2, 1979, pursuant to the terms of his bail. One charge was a felony and was assigned to one courtroom and the other charge was the misdemeanor and was assigned to a different courtroom. Defendant and his counsel appeared on the felony charge in the courtroom designated for the felony but did not appear on the misdemeanor charge in the other courtroom which was specified in his bail. Counsel for both sides apparently had been of the opinion that both the felony and misdemeanor charges were proceeding together in the same courtroom.

However, when the defendant failed to appear in the designated courtroom for the misdemeanor on April 2, 1979, the judge in that courtroom entered an order forfeiting defendant's bond and on May 9, 1979, an arrest warrant was issued for the defendant pursuant to section 110—3 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1977, ch. 38, par. 110—3). The warrant stated that it was to be executed before February 15, 1980.

This warrant served as the basis for the arrest of the defendant February 14, 1980. The officers searched the defendant incident to that arrest. The search produced alleged controlled substances and firearm ammunition on defendant's person. Defendant was charged with possession of the contraband, which was subsequently suppressed by the trial court below because the arrest warrant pursuant to the bond forfeiture was deemed void when executed by the trial court. The State argues that the warrant was validly issued but also contends that if the warrant were found to be invalid "in a technical sense" then the officers' reasonable and justified good faith belief that the warrant was valid is sufficient to uphold the arrest. The State also argues, in the alternative, that there exists an independent basis to support defendant's arrest and the resulting search so that there was probable cause to make a warrantless arrest.

Defendant argues that the warrant was issued to compel defendant's appearance on the misdemeanor charge to which he subsequently pleaded guilty and served a probationary sentence. Defendant contends the warrant was thereby invalidated by the time of its execution. Defendant concludes that the February 14, 1980, arrest was made pursuant to this invalid arrest warrant and the subsequent search was therefore invalid.

Defendant maintains that a police officer may be justified in making an arrest on what appears to be a valid warrant, but when the warrant is subsequently found to be invalid the arrest will be deemed to be illegal. Defendant relies upon *Whiteley v. Warden* (1971), 401 U.S. 560, 28 L. Ed. 2d 306, 91 S. Ct. 1031, and *People v. Decuir* (1980), 84 Ill. App. 3d 531, 405

N.E.2d 891. Since the trial court in the instant case focused exclusively on the validity of the warrant, holding that it was void when executed, the validity of the warrant is the pivotal issue in the case at bar. We find it unnecessary to discuss the State's arguments concerning the officers' reasonable good faith in the validity of the warrant or the existence of independent probable cause.

We conclude that defendant was validly searched on February 14, 1980, when taken into custody for the outstanding arrest warrant issued May 9, 1979. The warrant was neither invalidly issued nor was it invalid when executed. We note that on its face the warrant did not expire until the next day, February 15, 1980, nor is it contended otherwise by defendant.

Our conclusion is based upon the fact that defendant violated the bail provisions of the Illinois statutes and the courts and police followed proper procedure in responding to that violation. Defendant was initially arrested for the cannabis violation, admitted to $1,000 bail and released on his own recognizance on March 10, 1979, pursuant to section 110—2 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1977, ch. 38, par. 110—2) which provides:

> "When from all the circumstances the court is of the opinion that the accused will appear as required either before or after conviction the accused may be released on his own recognizance." Ill. Rev. Stat. 1977, ch. 38, par. 110—2.

One of the conditions of defendant's bail was that he appear in a certain courtroom to answer the cannabis charge April 2, 1979. He failed to appear thus triggering the further provisions of section 110—2:

> "A failure to appear as required by such recognizance shall constitute an offense subject to the penalty provided in Section 32—10 * * * for violation of bail bond * * *." (Ill. Rev. Stat. 1977, ch. 38, par. 110—2.)

Section 32—10, referred to in section 110—2, provides:

> "Whoever, having been admitted to bail for appearance before any court of this State, incurs a forfeiture of the bail and willfully fails to surrender himself within 30 days following the date of such forfeiture, commits, if the bail was given in connection with a charge of felony or pending appeal or certiorari after conviction of any offense, a Class 4 felony; or, if the bail was given in connection with a charge of committing a misdemeanor, or for appearance as a witness, *commits a Class A misdemeanor*." (Emphasis added.) Ill. Rev. Stat. 1977, ch. 38, par. 32—10.

On April 2, 1979, the day the defendant failed to appear, the court forfeited defendant's bond and issued a notice of forfeiture which was sent by the clerk of the court to the defendant (Ill. Rev. Stat. 1977, ch. 38,

par. 110—7(h)). More than 30 days later, on May 9, 1979, the court issued the arrest warrant which is the subject of this appeal pursuant to section 110—3 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1977, ch. 38, par. 110—3), which provides:

> "Upon failure to comply with any condition of a bail bond or recognizance the court having jurisdiction at the time of such failure may, in addition to any other action provided by law, issue a warrant for the arrest of the person at liberty on bail or his own recognizance." Ill. Rev. Stat. 1977, ch. 38, par. 110—3.

Defendant's principal argument is that the arrest of February 14, 1980, on the arrest warrant issued May 9, 1979, was invalid because the warrant called for the arrest of defendant on the underlying misdemeanor of possession of cannabis (Ill. Rev. Stat. 1977, ch. 56½, par. 704(b)), which offense had been discharged by defendant's conviction and service of sentence. Since the underlying offense no longer existed on February 14, 1980, defendant contends, the warrant was not based upon probable cause when executed, and the search incident thereto was invalid and the evidence properly suppressed.

This is not a case where the arrest warrant was not supported by probable cause. The offense for which the warrant was issued was for failure to appear as required by the terms of his bail pursuant to sections 110—2 and 110—3. We need not determine whether prior to the 30 days described in section 32—10 the arrest warrant would be for the underlying offense because, in the case at bar, 30 days had elapsed. The passage of 30 days from the notice of forfeiture without appearance caused the defendant's failure to appear to escalate from a civil matter to a criminal matter.

The case law also is clear that a forfeiture of a bail bond ceases to be a strictly civil matter and subjects one to criminal liability when the defendant "willfully fails to surrender himself within 30 days following the date of such forfeiture * * *." (Ill. Rev. Stat. 1977, ch. 38, par. 32—10.) A willful violation of the bail bond statute can be established by demonstrating that notice of the bond forfeiture order was mailed to the accused at his last known address. (*People v. Ratliff* (1975), 35 Ill. App. 3d 19, 341 N.E.2d 29, *aff'd* (1976), 65 Ill. 2d 314, 357 N.E.2d 1172.) Therefore, in the case at bar, a willful violation of the bail bond statute was established and the issue of whether the defendant knew of the existence of an arrest warrant is irrelevant. *People v. Arron* (1973), 15 Ill. App. 3d 645, 305 N.E.2d 1.

This is not a case like *Whiteley v. Warden* (1971), 401 U.S. 560, 28 L. Ed. 2d 306, 91 S. Ct. 1031, or *People v. Decuir* (1980), 84 Ill. App. 3d 531, 405 N.E.2d 891. *Whiteley* held that although a police officer may assume that a warrant is valid and may arrest pursuant to it, when in fact the

warrant is invalid, the arrest is illegal and all evidence seized pursuant to the arrest may be suppressed. In *Whiteley*, a warrant was issued for the defendant's arrest and an officer in another jurisdiction arrested the defendant based on the warrant. It was later determined that there was no probable cause for the original warrant. Although the court stated that the officer was justified in assuming that the warrant was valid, it held that since no probable cause existed for the warrant, the evidence obtained in a search incident to the arrest was subject to suppression. Thus, the critical fact in *Whiteley* is the lack of probable cause for the issuance of the warrant upon which the defendant's arrest was based. In the case at bar the issuing judge acted upon the command of State statute and issued an order forfeiting the defendant's bond. The defendant failed to appear in the specified courtroom on the assigned date in violation of section 110—2 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1977, ch. 38, par. 110—2). The State complied with section 110—7(h) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1977, ch. 38, par. 110—7(h)) and sent notice of the bond forfeiture order to the defendant at his then current address. The defendant did not appear and surrender to the court within 30 days of the forfeiture nor did the defendant upon receipt of the notice move to have the warrant quashed. Thus, probable cause clearly existed for the issuance of the arrest warrant on May 9, 1979.

*People v. Decuir* (1980), 84 Ill. App. 3d 531, 405 N.E.2d 891, is also distinguishable. The defendant in *Decuir* was arrested on the basis of an outstanding warrant. It was subsequently learned that the warrant had been quashed, effectively withdrawing probable cause to arrest the defendant. The *Decuir* court relied upon *Whiteley* stating that a police officer who is assisting in the execution of an arrest warrant may assume that the warrant was issued on the basis of sufficient information to support an independent judicial assessment of probable cause. However, where the contrary turns out to be true, the illegal arrest cannot be insulated from a challenge to the warrant and the evidence illegally seized in an arrest made without probable cause must be suppressed. 84 Ill. App. 3d 531, 405 N.E.2d 891.

Thus *Whiteley* and *Decuir* are distinguishable from the case at bar. In *Whiteley* probable cause for the arrest never existed, and in *Decuir* probable cause for the arrest warrant, if any, was withdrawn as a result of it being quashed before the arrest was made.

In sum, we conclude that the arrest warrant was issued pursuant to probable cause for the offense described in sections 110—2 and 32—10 (Ill. Rev. Stat. 1977, ch. 38, pars. 110—2 and 32—10), known as bail jumping. The offense matured at the expiration of 30 days from the date of notice of the defendant's bond forfeiture without his appearing in the courtroom designated in his bail bond. The defendant, having ignored the

notice of forfeiture and thus the opportunity to rectify the administrative error by a proceeding to quash the warrant, allowed the bail jumping offense to arise. The disposition of the underlying offense in the meantime had no effect on the existence of probable cause for the defendant's arrest pursuant to the warrant on February 14, 1980.

The order of the circuit court of Du Page County is reversed and the cause remanded.

Reversed and remanded.

NASH, J., concurs.

JUSTICE VAN DEUSEN, specially concurring:
I concur in the result reached in this case, but have some reservations concerning the reasoning of the majority in reaching that result. I do not find it necessary to reach the issue of whether the passing of 30 days from the notice of forfeiture without appearance caused the defendant's failure to appear to escalate from a civil matter to a criminal matter or whether there was probable cause that the defendant had violated the bail bond statute. Ill. Rev. Stat. 1977, ch. 38, par. 32—10.

The warrant in question was validly issued pursuant to section 110—3 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1977, ch. 38, par. 110—3) for defendant's failure to comply with a condition of his recognizance; namely, to appear in court at a scheduled court time. The trial court has inherent authority to enforce its orders and to impose sanctions for violations of conditions imposed by it upon a defendant when released on bail or recognizance. (*People ex rel. Hemingway v. Elrod* (1975), 60 Ill. 2d 74, 83.) The imposition of such sanctions is independent of the underlying charge for which the defendant was originally released on bond or recognizance. The disposition of the underlying charge for which the defendant was originally arrested, therefore, in no way affects the authority of the court to conduct a hearing and impose sanctions upon the defendant for violation of the conditions of his bail or recognizance. Defendant in this case had never been brought before the court to answer the charge implicit in the section 110—3 warrant that he had failed to comply with a condition of his bond or recognizance. The warrant of arrest issued, pursuant to section 110—3, was still valid and outstanding at the time defendant was arrested on that warrant.

I concur with the majority that the arrest and search were valid and that the trial court erred in suppressing the evidence seized as a result of such search.