THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JACKIE TURNER, Defendant-Appellant.

First District (4th Division)   No. 59973

Opinion filed February 2, 1978.

Arthur H. Grant, Ltd., of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Joan S. Cherry, and Rimas R. Cernius, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE LINN delivered the opinion of the court:

Defendant, Jackie Turner, was charged by indictment with violation of bail bond. (Ill. Rev. Stat. 1971, ch. 38, par. 32—10.) Following a bench trial, defendant was found guilty and sentenced to the penitentiary for a term of one to three years. On appeal, defendant contends that: (1) the State failed to prove that a notice of bond forfeiture was mailed to defendant as required by statute; (2) the violation of bail bond statute is unconstitutional; (3) the indictment is defective since it fails to state an offense; (4) the right to a speedy trial was abridged; and (5) the sentence was excessive.

We affirm the judgment of the trial court.

On April 12, 1972, defendant was arrested for the offense of armed robbery. Bond was set at $10,000 and defendant was released the following day. Defendant appeared in court on that charge on July 27, 1972. The case was continued to August 30, 1972. Defendant failed to appear on this date and the court ordered a bond forfeiture and issued a warrant for defendant's arrest. On November 25, 1972, defendant was arrested, pursuant to warrants, for armed robbery, bond forfeiture and aggravated kidnapping.[1]

Defendant testified that he failed to appear for the August 30 court date, as well as an August 9 court date relating to a second robbery charge, due to the outstanding warrant for aggravated kidnapping. In early August, defendant telephoned assistant state's attorney Beranek, Beranek was the prosecutor in a case involving several leaders of the Black P Stone Nation street gang who had shot defendant. Beranek told defendant that no arrangements for bail bond in connection with the aggravated kidnapping charge had been made, and that defendant should call again the next day. The second time defendant called, Beranek told him that there was nothing that could be done regarding bail. Beranek further stated that police officers were in his office and that defendant should come in and surrender on the charge. Defendant replied that the gang leaders were presently in Chicago testifying before a Federal grand jury and were being housed in Cook County Jail. Defendant feared that he would be killed if he were jailed instead of being released on bond. Beranek stated that no bond had been set for the case and he did not know what kind of protection would be provided, but that he would see what could be done.

Shortly before the August 9 court date, defendant again called Beranek and told him that the robbery cases were soon due to be heard. Beranek replied that he would try to do something about them.

Defendant also spoke with Joseph Branch, a police officer, and with Don Ross, campaign manager for State's Attorney Carey. Neither could give defendant any assurances that he would be safe if incarcerated.

After the state rested its case, defense counsel introduced an order, dated February 2, 1973, and signed by Judge Cerda, vacating the bond forfeiture which was entered after defendant had failed to appear on August 9, in connection with the second robbery charge.

■■ Initially, defendant contends that it was necessary to prove that a notice of forfeiture in connection with the first armed robbery bond was mailed to defendant in order to sustain a conviction for violation of bail

---

[1] A felony complaint against defendant, dated August 7, 1972, charged that defendant committed the offense of aggravated kidnapping on August 4, 1972. The arrest warrant was issued the same day.

bond. Section 110—7(g) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1971, ch. 38, par. 110—7(g)) provides that the accused be mailed a notice that his bond has been ordered forfeited. However, there is no requirement that this statute be read and construed with reference to section 32—10.

In *People v. Ratliff* (1976), 65 Ill. 2d 314, 318, 357 N.E.2d 1172, 1175, the supreme court reviewed the identical contention:

"These statutory provisions are distinct and independent of each other. Section 32—10 defines the criminal offense of violation of bail bond and provides that violators are guilty of either a Class 4 felony or a Class A misdemeanor. To sustain a conviction under this statute, the State must establish that the defendant incurred a forfeiture of his bail and that the defendant willfully failed to surrender himself to the court within 30 days following the date of the forfeiture. There is no necessity for the State to prove that notice of the bail forfeiture was mailed to the defendant. Section 110—7(g) provides the means by which the State can acquire a money judgment against a defendant who violates the provisions of his bail bond by failing to appear in court. To acquire such a judgment, the State must establish that, after an order was entered declaring the defendant's bail to be forfeited, notice of the order was mailed to the defendant at his last known address. We see no reason to hold that the two statutory provisions are *in pari materia*."

We see no reason to depart from this holding and accordingly reject defendant's contention.

Defendant also contends that the violation of bail bond statute is unconstitutional since it requires no criminal intent at the time of the bond forfeiture.

Initially, we note that defendant did not raise this issue in the trial court. It is well settled that nonjurisdictional questions relating to the constitutionality of a statute must be asserted in the trial court, or the matter is deemed waived. *People v. Eubank* (1970), 46 Ill. 2d 383, 263 N.E.2d 869.

■■ Furthermore, even if this issue was to be considered on the merits, defendant's contention must still be rejected. In *People v. Arron* (1973), 15 Ill. App. 3d 645, 305 N.E.2d 1, we held that the incurring of a forfeiture is not an element of the crime in a strict sense, but rather a condition precedent, a fact the existence of which the crime of violation of a bail bond is conditioned upon. The initial forfeiture of a bail bond does not immediately subject one to criminal liability, and is only a determination of one's civil liability for violating the terms of the bond. A person becomes subject to criminal liability only when he "wilfully fails to

surrender himself within 30 days following the date of such forfeiture * * *." There is no reason to change our position taken in *Arron*.

■■ At trial, defendant admitted that he knew that he was due in court on August 30, 1972. He attempted to excuse his conduct by claiming fear of harm should he be incarcerated. However, this is not the type of situation which would negate a determination that defendant's failure to appear was wilfull. There was no certainty that defendant would be exposed to those whom he feared, nor was he given assurances by anyone in authority that it would be permissible not to appear. (*Cf. People v. Ratliff* (1976), 65 Ill. 2d 314, 357 N.E.2d 1172.) Quite to the contrary, defendant was informed by an assistant state's attorney to come in and surrender himself.

Defendant also asks us to hold that Judge Cerda's vacation of the bond forfeiture precluded a determination in the present case that defendant violated his bail bond. An examination of the record in this case reveals that Judge Cerda's order gave no reasons for the vacation of the bond forfeiture, and there was a failure to present evidence as to why the forfeiture order was vacated. Since Judge Cerda's order related to an entirely different case, and since the reasons for Judge Cerda's order are not clear, no basis for reversal can be grounded upon this order. See *In re Bonk* (7th Cir. 1975), 527 F.2d 120; *People v. Grayson* (1974), 58 Ill. 2d 260, 319 N.E.2d 43, *cert. den.* (1975), 421 U.S. 994, 44 L. Ed. 2d 484, 95 S. Ct. 2001.

■■ Having held that an intentional bond forfeiture is not a requisite element of the offense charged, we must reject defendant's contention that the indictment was defective since such an allegation was omitted.

Defendant also argues that the indictment failed to allege the proper date on which the offense occurred. The indictment alleged that on August 30, 1972, defendant "committed the offense of jumping bail, in that he, having been admitted to bail for appearance * * * did incur a forfeiture of said bail, and, did wilfully fail to surrender himself within thirty days following the date of said forfeiture, which bail was given by said Jackie Turner in connection with the offense of armed robbery, in Circuit Court No. J871228, * * *."

■■ The indictment must be such as to inform the accused of the nature of the charge, thus allowing him to prepare a defense and to serve as a bar to a future prosecution for the same offense. (*People v. Harvey* (1973), 53 Ill. 2d 585, 294 N.E.2d 269.) We believe that the language of the indictment was sufficiently clear. The indictment indicated that the bond forfeiture occurred on August 30, 1972, and that defendant wilfully failed to surrender within 30 days thereafter.

Next, defendant contends that his right to a speedy trial was abridged

since the indictment was not returned until March 9, 1973, 104 days after defendant had been arrested.

■■ The 120 days period within which the accused must be tried (Ill. Rev. Stat. 1971, ch. 38, par. 103—5) begins to run on the date he is taken into custody in connection with the prosecuted charges. Furthermore, in order to avail himself of the statute, a defendant must make application for discharge prior to conviction. The constitutional right to a speedy trial is personal to the accused and may be waived by failure to raise the question of delay in the trial court. (*People v. Nettles* (1969), 107 Ill. App. 2d 143, 246 N.E.2d 29.) In the present case, defendant never requested discharge and therefore waived the point.

■■ Furthermore, although the indictment was not returned until 104 days had elapsed, the State was apparently ready to proceed to trial on the 109th day. At that time, defense counsel requested a continuance. This delay, attributable to defendant, would, in any event, have tolled the running of the 120-day period.

■■ Lastly, defendant contends that he should have been granted probation instead of being sentenced to serve one to three years in the penitentiary. However, the "scope of review from a denial of an application for probation is limited to the extent of determining whether the trial court did, in fact, exercise its discretion or whether it abused that discretion by acting in an arbitrary manner. [Citation.]" (*People v. Bolyard* (1975), 61 Ill. 2d 583, 586, 338 N.E.2d 168, 169.) Defendant has not claimed that there has been an abuse of discretion. Rather, the same factors which failed to convince the trial court that probation was warranted are urged upon us. After an independent review of the record, we find that the trial court did not abuse its discretion.

For the foregoing reasons, the judgment of the trial court is affirmed.

Affirmed.

DIERINGER and ROMITI, JJ., concur.