No. 1-99-3613 First Division

April 29, 2002 

THE PEOPLE OF THE STATE OF ILLINOIS, ) Appeal from the

) Circuit Court of

Respondent-Appellee, ) Cook County.

) 

) No. 97 CR 24150

) 

EVELYN MIRANDA, ) The Honorable

 ) James B.Linn,

Petitioner-Appellant. ) Judge Presiding.

PRESIDING JUSTICE COHEN delivered the opinion of the court:

Petitioner Evelyn Miranda appeals from an order of the circuit court of Cook County denying her petition for post-conviction relief.  On appeal, petitioner argues that her conviction for violation of bail bond (720 ILCS 5/32-10(a) (West 2000))
 (bail jumping) should be reversed because the trial court did not forfeit her bond, a necessary precondition to the offense of bail jumping.  Petitioner further argues that she was denied the effective assistance of counsel at her arraignment on the bail jumping charge.  Specifically, petitioner asserts that although trial counsel was present at the hearing where the trial court refused to declare petitioner's bond forfeited, trial counsel failed to move to dismiss the indictment and 
advised petitioner to plead guilty to the bail jumping offense.
  For the reasons set forth below, we reverse and vacate petitioner's conviction and sentence.

BACKGROUND

Petitioner was indicted in the circuit court of Cook County on a single count of possession of a controlled substance (cocaine) with intent to deliver.  720 ILCS 570/401(a)(2)(D) (West 1992)
.  
 Petitioner posted an indeterminate monetary bond and was released from jail.  Petitioner waived her right to a jury trial and the trial court scheduled a bench trial for July 14, 1997.  On July 14, 1997, petitioner failed to appear in court and the court held a bench trial 
in abstentia
.  The trial court found petitioner guilty and the matter was continued to July 30, 1997, for post-trial motions and sentencing.  On July 30, 1997, with petitioner's whereabouts still unknown, the court sentenced petitioner 
in abstentia
 to 24 years' imprisonment.

At the conclusion of the bench trial, the trial judge stated the following:

"Warrant to issue.  I will also indicate that the warrant, I am not ordering a bond forfeiture because my reading of the Statute indicates the money and bond might be something that can be made for attorney's fees. * * *  It's a no bail warrant. * * * No bond forfeiture warrant to issue."

On September 5, 1997, petitioner was apprehended in the vicinity of Fullerton and Clybourn in Chicago.  At the time of her arrest petitioner was in possession of a driver's license, birth certificate, and credit cards all in the fictitious name of Janette April Mosolia.  On September 10, 1997, petitioner was charged by indictment with bail jumping.  720 ILCS 5/32-10(a) (West 2000).  Petitioner's arraignment took place on October 6, 1997.  The same attorney who had represented petitioner on the cocaine charge
 represented her on the bail jumping charge.  After being admonished by the trial judge, petitioner entered a negotiated plea of guilty and was sentenced to six years' imprisonment to run consecutively with the 24-year sentence she received for the cocaine conviction.

On October 17, 1997, petitioner filed a direct appeal from her conviction and sentence on the cocaine charge only.  No direct appeal was taken from the conviction and sentence for bail jumping.  This court affirmed petitioner's conviction and sentence for possession of cocaine with intent to deliver. 
 People v. Miranda
, No. 97 CR 24150 (1998) (unpublished order under Supreme Court Rule 23).
  Petitioner then filed a post-conviction petition.  Because the police officer who was the affiant for the search warrant had been indicted in federal court for corruption and theft of narcotics, the trial court vacated the 24-year sentence for the narcotics offense.  The State chose not to reprosecute petitioner for that offense.

On August 3, 1999, petitioner, who had retained new counsel, filed a second post-conviction petition.  The petition alleged that there was no factual basis either to indict her or to support a guilty plea to the offense of bail jumping.  According to petitioner, bond forfeiture was a necessary precondition to the offense of bail jumping and because the trial court specifically stated that it had not forfeited her bond, no bail jumping offense had occurred.  Petitioner also alleged ineffective assistance of trial counsel as trial counsel had been present at the hearing where the court refused to declare petitioner's bond forfeit, yet advised petitioner to plead guilty to the offense of bail jumping.

This second post-conviction petition was argued before the same judge who had presided over the cocaine trial and petitioner's arraignment for bail jumping.  After hearing argument from both parties, the trial judge denied the petition.  He reasoned that although he had stated "no bond forfeiture," for all intents and purposes he had ordered a forfeiture.  The judge explained:

"When she [petitioner] jumped bond, I was conscious of the fact that her lawyer * * * had done a tremendous amount of work in preparation and had spent numerous hours working up this case, and preparing the case, and presenting the case.

I was concerned about his fee, and I wanted to make sure that his fee would be protected * * * and I thought that his claim in the interest of justice was greater than the County's claim to her [petitioner's] money; so the Court said, I am not going to forfeit the bond.  I want the bond to be available to [petitioner's attorney] for attorney fees.

For all practical purposes, I will let the bond be forfeited; that she [petitioner] had violated the terms of her bond and would no longer be available to her.  But I did make a distinction between the bond being -- going to the County or go [
sic
] to the attorney.  And that is what I meant.  I never suggested that there was any reason that her bond not be forfeited, just unavailable to her; although the way I articulated it from the transcript was I said, no bond forfeiture."

This appeal followed.

ANALYSIS

The Post-Conviction Hearing Act provides a remedy by which criminal defendants may challenge their convictions or sentences by asserting that a substantial denial of their constitutional rights occurred at trial.  
People v. Barrow
, 195 Ill. 2d 506, 518-19 (2001).  "The post-conviction proceeding is not an appeal 
per se
 but is, instead, a collateral attack on a prior judgment."  
People v. Flores
, 153 Ill. 2d 264, 273 (1992).  "The purpose of the proceeding is to allow inquiry into constitutional issues relating to the conviction or sentence that were not, and could not have been, determined on direct appeal. [Citations].  Thus, 
res judicata
 bars consideration of issues that were raised and decided on direct appeal, and issues that could have been presented on direct appeal, but were not, are considered waived."  
Barrow
, 195 Ill. 2d at 519.  "A trial court's determination on a post-conviction proceeding will not be reversed unless contrary to the manifest weight of the evidence."  
Flores
, 153 Ill. 2d at 273.

A. Waiver

We must first address the State's assertion that petitioner has waived review of the trial court's denial of her post-conviction petition.  In support, the State makes two arguments: (1) petitioner has waived review by failing to file a motion to withdraw her guilty plea pursuant to Supreme Court Rule 604(d) (145 Ill. 2d R. 604(d)); and (2) petitioner could have raised the issues surrounding the trial court's denial of her post-conviction petition at the time she filed her direct appeal from the cocaine conviction.  The State argues petitioner has thus waived these issues for purposes of this appeal. 
   

The State's contention that petitioner has waived review by failing to comply with Supreme Court Rule 604(d) is misplaced.  Supreme Court Rule 604(d) does not apply in post-conviction proceedings.  
People v. Stein
, 255 Ill. App. 3d 847, 848 (1993); 
People v. Brumas
, 142 Ill. App. 3d 178, 180 (1986); 
People v. Parker
, 57 Ill. App. 3d 697, 700-701 (1978).  Therefore, petitioner has not waived her claims solely because she failed to file a motion to withdraw her guilty plea pursuant to Supreme Court Rule 604(d).  

The State asserts further however, that our supreme court's decisions in 
People v. Coady
, 156 Ill. 2d 531, 537-39 (1993), and 
People v. Davis
, 156 Ill. 2d 149, 157-159 (1993), mandate that we find the issues presented by defendant on appeal waived.  
We find both cases distinguishable from the case at bar.  

In 
Coady
 and 
Davis
, our supreme court held that voidable orders, as opposed to void orders, are not subject to collateral attack (via post-conviction petition) if defendant failed to properly preserve issues for review.  In 
Coady
, the court held that: (1) defendant
 waived the issue of ineffectiveness of counsel where he failed to raise the issue on direct appeal; and (2) the issues surrounding his conviction were previously decided on direct appeal and were therefore 
res judicata
.  
Coady
, 156 Ill. 2d at 538-39.  Similarly, the 
Davis
 court held that defendant waived the issue of his improper conviction where he failed to present the issue in his post-conviction petition.  156 Ill. 2d at 157-59. 
 Here, unlike 
the factual situations presented in 
Coady
 and 
Davis
, petitioner never filed a direct appeal 
from her conviction for bail jumping and she properly preserved the issue of her improper conviction in her post-conviction petition.

The State also contends that petitioner has waived review of her improper conviction for bail jumping because she could have raised the issue at the time she took a direct appeal from her cocaine conviction but failed to do so.  On July 23, 1997, the trial court found petitioner guilty of possession of cocaine with intent to deliver.  On July 30, 1997, the trial court sentenced her to 24 years' imprisonment.  On October 6, 1997, petitioner pleaded guilty to bail jumping and in compliance with the negotiated plea agreement she was sentenced to 6 years' imprisonment.  On October 17, 1997, petitioner filed a direct appeal from the cocaine conviction only.  The State asserts that because both convictions and sentences were entered at the time petitioner filed her direct appeal she 
could have
 appealed her conviction and sentence for bail jumping but did not.  According to the State, it is this failure that results in waiver of issues concerning the trial court's denial of her post-conviction petition.

We find the State's argument, while clever, lacks merit.  The law is clear that the doctrines of waiver and 
res judicata
 apply to appeals from the denial of post-conviction petitions only in cases "where a petitioner has previously taken a direct appeal from a judgment of conviction."  
People v. Barrow
, 195 Ill. 2d 506, 519 (2001); 
People v. Flores
, 153 Ill. 2d 264, 274 (1992).  While petitioner could have waived -- by failure to appeal -- issues of mere trial error, she is "still entitled to assert those constitutional rights which the Post-Conviction Act is designed to protect and preserve."  
People v. Rose
, 43 Ill. 2d 273, 279 (1969).  Here, for reasons unknown, petitioner chose to file a direct appeal from her conviction and sentence on the cocaine charge only.  Petitioner did not file a direct appeal from her bail jumping conviction.  Therefore, although petitioner theoretically 
could have
 appealed her conviction for bail jumping, she did not and was not required to do so.  Consequently, the doctrine of waiver is inapplicable under the facts of this case.

Moreover, even if we were to find waiver applicable under the circumstances presented in this case, we would still choose to review petitioners' claims.  "[W]here fundamental fairness so requires, strict application of the procedural bars may be relaxed."  
Flores
, 153 Ill. 2d at 274.  Because we conclude that petitioner was improperly convicted of bail jumping, "fundamental fairness" necessitates our review.   

B. Improper Conviction          

Petitioner argues that she was improperly convicted of bail jumping because "forfeiture," a condition precedent to the crime, never occurred.  In order to sustain a conviction for bail jumping, the State must establish that the defendant incurred a bail forfeiture.  
People v. Ratliff
, 65 Ill. 2d 314, 318 (1976).  This requirement derives from the language of the statute.

"Whoever, having been admitted to bail for appearance before any court of this State, incurs a forfeiture of the bail and willfully fails to surrender himself within 30 days following the date of such forfeiture, commits, if bail was given in connection with the charged felony * * * a felony."  720 ILCS 5/32-10(a) (West 1998).

The indictment in the instant case tracked the language of the statute, alleging that there had been a bond forfeiture.

"Forfeiture" is not an element of the crime but rather a "condition precedent, a fact the existence of which the crime of violation of a bail bond is conditioned upon."  
People v. Turner
, 57 Ill. App. 3d 62, 65 (1978).  "The initial forfeiture of a bail bond does not immediately subject one to criminal liability, and is only a determination of one's civil liability for violating the terms of the bond.  A person becomes subject to criminal liability only when he 'wilfully fails to surrender himself within 30 days following the date of such 
forfeiture
.'" (Emphasis added.) 
 Turner
, 57 Ill. App. 3d at 65-66, citing 
People v. Arron
, 15 Ill. App. 3d 645 (1973).  If there is no "forfeiture" of bail then there cannot be a violation of bail bond.  
People v. Bruce
, 75 Ill. App. 3d 1042, 1047 (1979).  

Once again, the State argues that the issue is waived.  According to the State, "petitioner has waived this issue by pleading guilty to the offense of violation of bail bond."  The State asserts that the law is clear in Illinois -- "a voluntary plea of guilty waives all errors or irregularities that are not jurisdictional."  
People v. Peeples
, 155 Ill. 2d 422, 491 (1993).  Because petitioner pleaded guilty to bail jumping, the State asserts that she cannot now claim that she was improperly convicted of the offense. 

Supreme Court Rule 402(c) states that "[t]he court shall not enter final judgment on a plea of guilty without first determining that there is a factual basis for the plea."  177 Ill. 2d R. 402(c).  "The factual basis can be established by several means, including the State's summary of testimony and evidence which it would have presented at trial [citations omitted], or defendant's own admissions."  
People v. Calva
, 256 Ill. App. 3d 865, 872 (1993).  Here, the "factual basis" was established through the State's summary of testimony and evidence:

"[STATE PROSECUTOR]: The evidence would show Evelyn Miranda was the Defendant who was charged * * * with the offense of possession of controlled substance with intent to deliver.  That matter was up on July 14, 1997 before your Honor, at which time Miss Miranda did not appear.

A bond forfeiture warrant at the time was entered and continued and the hearing was held over until July 23, 1997.  Again, Miss Miranda failed to appear on that date and this Court entered a bond forfeiture warrant, no bond."

As we state in more detail below, contrary to the State's recitation of the proceedings on July 23, 1997, the trial judge specifically stated "no bond forfeiture, warrant to issue."  Thus, the court improperly determined that there was a factual basis to support the guilty plea.  Without a factual basis, there can be no guilty plea.  While the State correctly cites the general rule that a voluntary plea of guilty waives all errors or irregularities that are not jurisdictional, including constitutional errors (
Peeples
, 155 Ill. 2d at 491),  we decline to extend this rule where the factual basis to support the plea is absent from the record.  

Waiver is a limitation on the parties and not on the court.  
People v. Bolden
, 197 Ill. 2d 166, 178 (2001).  As stated above, "where fundamental fairness so requires, strict application of the procedural bars may be relaxed."  
Flores
, 153 Ill. 2d at 274.  The constitutional error in this case is one of great magnitude, calling into question the integrity and fairness of our judicial system.  We therefore cannot, in good conscience, decline to review such a fundamental error under the pretext of waiver.
 

It is undisputed that at the end of the bench trial held
 in abstentia
, the trial judge stated "no bond forfeiture."  Based on the trial judge's subsequent explanation, the State asserts that the trial judge's utterance of "no bond forfeiture" was merely a slip of the tongue, as it were, and if this court were to look at the proceeding as a whole, it would be abundantly clear that the trial judge was indeed forfeiting the defendant's bond.  We disagree.
 

Section 115-4.1(a) of the Code of Criminal Procedure grants the trial court authority to award in its discretion, and 
after a bond forfeiture
, reasonable attorney fees from a defendant's bond deposit.  725 ILCS 5/115-4.1(a) (West 2000) ("The court, at the conclusion of all proceedings, may order the clerk of the circuit court to pay counsel such sum as the court deems reasonable, from any bond monies which were posted by the defendant with the clerk, after the clerk has first deducted all court costs").  Section 110-7(h), on the other hand, grants the trial court the authority, 
after a bond forfeiture has be declared
, to enter judgment for the amount of the bond deposit, less costs, in favor of the State.  725 ILCS 5/110-7(g) (West 2000) ("If the accused does not appeal * * * the court shall enter judgment for the State * * *.  The deposit made in accordance with paragraph (a) shall be applied to the payment of costs.  If any amount of such deposit remains after the payment of costs it shall be applied to payment of the judgment and transferred to the treasury of the municipal corporation wherein the bond was taken * * *").  

These two separate statutory provisions were reconciled in 
People v. Maya
, where our supreme court held that "the legislative intendment was to give the court authority under section 115-4.1(a) to first award in its discretion reasonable fees from a bond deposit and for the court thereafter to grant, under section 110-7[(g)], judgment for the State in the amount of the bond-deposit balance, if any, remaining."  105 Ill. 2d 281, 287 (1985).

Here, the trial judge specifically stated that he was "not ordering a bond forfeiture because [his] reading of the Statute indicate[d] the money and bond might be something that can be made for attorney's fees." 
 The record clearly reflects that the trial judge believed that if he "forfeited" petitioner's bond, the bond deposit would automatically go to the State.  This is 
contrary to Illinois law.  See 
People v. Denny
, 283 Ill. App. 3d 819, 823-24 (1992) (noting that section 110-7(g) is not "self-executing").

We hold that the trial court's statement explicitly declining to enter a bond forfeiture precluded the State from indicting petitioner on, and petitioner from later pleading guilty to, the charge of bail jumping.  Without a forfeiture there is no crime.  Because this issue is dispositive, we need not address the remaining arguments on appeal.
 

CONCLUSION

Because the trial court misapprehended the law with respect to the issue of "forfeiture," petitioner was improperly convicted.  We therefore find that the trial court's denial of petitioner's second post-conviction petition was contrary to the manifest weight of the evidence.  
People v.
  
Flores
, 153 Ill. 2d 264, 273 (1992).  
Accordingly, pursuant to our authority under Supreme Court Rule 615(b)(4), we vacate petitioner's conviction and sentence on the bail jumping charge.  134 Ill. 2d R. 615(b)(4); 
People v. Crisp
, 242 Ill. App. 3d 652, 665 (1992).  

Reversed; conviction and sentence vacated.

TULLY and COUSINS, JJ., concur.